In the Matter of STANLEY L. GOODMAN (Admitted as STANLEY LLOYD GOODMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 27, 1989

## APPEARANCES OF COUNSEL

*Gary L. Casella* for petitioner.

*Jerome Karp, P. C.,* for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by the Appellate Division, First Judicial Department, on March 22, 1954, under the name Stanley Lloyd Goodman.

In this proceeding, the Special Referee sustained two charges of professional misconduct. The first charge alleges that the respondent converted funds entrusted to him; the second charges that he neglected a legal matter entrusted to him.

As to the first charge, the evidence reveals that the respondent was handling an estate with respect to which he was required to hold the sum of $9,500 in escrow as the amount estimated for the payment of estate taxes. Thereafter, problems arose concerning the preparation of the estate tax return which caused a considerable delay in its filing. In the interim, the respondent loaned to a third party, with whom he had a long-standing friendship, the sum of $10,000 from his escrow account, securing the loan by a promissory note. The borrower was the executor for the estate of his mother and the respondent was the attorney therefor. This estate, which was unrelated to the estate for which the respondent held the estate tax moneys in escrow, owned securities valued at approximately $400,000. When the loan was made, the borrower signed the promissory note in his own name and also in his capacity as the executor of the estate of his mother. It is undisputed that the respondent had no intention of using the moneys loaned for his own use, and had not done so, but merely substituted the funds in his escrow account for a secured promissory note.

With respect to the second charge, the evidence reveals that while the respondent did, in fact, delay settling an estate matter for almost three years, there were mitigating circumstances and no loss resulted to the estate.

A third charge of professional misconduct was not sustained by the Special Referee.

The petitioner moves to confirm the report of the Special Referee to the extent that he sustained charges one and two and to disaffirm as to the Special Referee's failure to sustain the third charge. The respondent cross-moves to confirm the report of the Special Referee only with respect to his failure

to sustain the third charge and to disaffirm the report as to his sustaining of charges one and two.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee. We find the respondent to be guilty of the misconduct alleged in charges one and two. Accordingly, the petitioner's motion to confirm in part and disaffirm in part is granted only to the extent that we find the respondent guilty of charges one and two and the respondent's cross motion is denied to the same extent.

In determining an appropriate measure of discipline to be imposed, we are mindful of the respondent's cooperation throughout this proceeding, his previously unblemished record, and the mitigating circumstances involved, which include medical problems which the respondent was experiencing at the time of the misconduct. Moreover, no loss resulted from the respondent's misconduct and, significantly, the respondent at all times possessed more than sufficient personal liquid assets to cover the amount of the loan involved in the first charge. Finally, the testimony of the character witnesses demonstrates that there exists no doubt as to the respondent's integrity and that he never intended to violate the rules of professional conduct.

Accordingly, the respondent is censured.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.

Ordered that that branch of the petitioner's motion which was to confirm so much of the report of the Special Referee as sustained charges one and two is granted, and the motion is otherwise denied; and it is further,

Ordered that that branch of the respondent's cross motion which was to confirm so much of the report of the Special Referee as failed to sustain charge three is granted, and the cross motion is otherwise denied; and it is further,

Ordered that Stanley L. Goodman is censured.